**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sammy L. Jackson, | No. CV-09-1822-PHX-LOA |
| Plaintiff, | **ORDER** |
| vs. | |
| Janet Napolitano, Secretary of the Department of Homeland Security, | |
| Defendant. | |

This matter arises on Defendant Janet Napolitano's October 28, 2009 Motion to Dismiss, contending that, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, *pro se* Plaintiff's Amended Complaint fails to set forth a sufficient factual basis to state a claim upon which relief may be granted. (docket # 8) After review and consideration of the parties' briefings and relevant legal authorities, the Court will grant the Motion and will dismiss this case with prejudice.

## A. JURISDICTION

The District Court of Arizona has federal-question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Plaintiff alleges claims arising under federal statutes. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). All parties have voluntarily consented in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. 636(c)(1). (docket ## 6, 9)

**B. BACKGROUND**

**I. Factual Allegations**

On September 1, 2009, Plaintiff, appearing *in propria persona*, filed a two-page Complaint against Janet Napolitano, Secretary of the Department of Homeland Security, requesting "a permanent judgement and order [for] five billion dollars . . . which will make the Plaintiff whole from the willful, egregious, and malicious wrongs perpetrated against the Plaintiff by the Defendant." (docket #1) (proper capitalization used for easier reading). The Complaint does not describe the nature of these "wrongs" or cite any federal statutes. On September 2, 2009, the Court *sua sponte* ordered Plaintiff to "file an Amended Complaint that fully complies with Rule 8, Fed.R.Civ.P.," explaining in detail, among others, the factual pleading standard required to state a claim as announced by the Supreme Court in *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (docket #5) Plaintiff was granted leave to amend because the Ninth Circuit has "held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

On September 18, 2009, Plaintiff filed a timely Amended Complaint, alleging a violation of "[t]he Americans with Disabilities Act of 1990, (ADA), Title I" due to disability discrimination in his employment with the Department of Homeland Security, Transportation Security Administration.[1] (docket #7 at 1) In the Amended

---

[1] Plaintiff fails to identify his former employer in the Amended Complaint. It appears, however, there is no dispute that he was employed by the Department of Homeland Security, Transportation Security Administration ("TSA"), as a federal security screener at Sky Harbor Airport in Phoenix. (docket #8 at 2) "Pursuant to the [Aviation and Transportation Security] Act, the TSA became an agency within the Department of Transportation." *Ibrahim v. Department of Homeland Sec.*, 2009 WL 2246194, *1 (N.D.Cal. 2009) (citing 49 U.S.C.

- 2 -

Complaint, Plaintiff claims that he is entitled to "[r]elief due to Disability Discrimination injury by the Defendant which occurred at the Sky Harbor Airport located in Phoenix, Arizona where he worked as a Security Screener and was removed from Federal Service solely because of his disability" in violation of the ADA. (*Id*.) Plaintiff further contends that he "became homeless as a direct Result of his wrongful removal from Federal Service because of his disability." (*Id*.) The Amended Complaint alleges his disability "right(s) were violated By the Defendant, Janet Napolitano, who was appointed head of the Federal agency (Department of Homeland Security), is ultimately responsible for laws violated within her agency . . . ." (*Id*. at 2) Plaintiff seeks compensatory and punitive damages and "demands 5 Billion . . . from the Defendant because of its (sic) non-opposition and no contest on the EEOC level . . . ." (*Id*.)

**II. Case History**

Shortly after Plaintiff filed his Complaint and consented to proceed before a magistrate judge, the Court informed Plaintiff of the factual deficiencies of his Complaint in a detailed order, with citations to relevant case law, and provided him a fair opportunity to amend his Complaint to demonstrate that he is entitled to relief. (docket # 5 at 4) (*e.g.*, "[I]n the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct.").

After Plaintiff filed his Amended Complaint, Defendant filed her Motion to Dismiss pursuant Rule 12(b)(6), claiming the Amended Complaint fails to state a claim

---

114(a)). "In March 2003, after the creation of the Department of Homeland Security and passage of the Homeland Security Act, the TSA shifted and became an agency under the DHS." *Id*. (citing 6 U.S.C. 203(2)).

- 3 -

upon which relief may be granted. (docket # 8)  Defendant asserts the Amended Complaint does not state a claim for relief because (1) "the ADA is not applicable to federal employees," citing 42 U.S.C. § 12111(5)(b)(I); (2) the Rehabilitation Act of 1973 is inapplicable to TSA employees [2]; (3) Counts II through V are not separate claims or causes of action, but rather, requests for different types of relief, and (4) collateral estoppel or issue preclusion prevents Plaintiff from relitigating "different claims but seeking the same relief" due to an adverse ruling in *Jackson v. Dep't of Homeland Security* ("*Jackson I*"), Case No. CV-02340-EHC, filed in the District Court for the District of Arizona, which was dismissed on May 24, 2007. (*Id*. at 2, 5, 10)

### C. RULE 12(b)(6) MOTION TO DISMISS

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff must still satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a).  *Carter v. Commissioner of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) (a *pro se* litigant "is expected to abide by the rules of the court in which he litigates.").

Federal Rule of Civil Procedure 12(b)(6) authorizes a district court to dismiss a complaint for failure to state a claim upon which relief can be granted. A well-pled complaint requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P.  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  In other words, "a plaintiff's obligation to

---

[2] The Court will briefly discuss whether Plaintiff had intended to allege a Rehabilitation Act disability claim even though Plaintiff's Amended Complaint and response, entitled Plaintiff's Motion to Deny Defendant's Motion to Dismiss, docket # 12, do not mention, much less properly state a claim under, the Rehabilitation Act.

- 4 -

provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations and emphasis omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S.Ct. at 1949).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with an employment discrimination claim, a district court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 1951. With these principles in mind, the Court will examine the sufficiency of the Amended Complaint's disability claim allegations.

## D. ANALYSIS

### I. Disability Discrimination under the ADA

The ADA and Rehabilitation Act of 1973 "prohibit discrimination against an otherwise qualified individual based on his or her disability. The Rehabilitation Act, the precursor to the ADA, applies to federal agencies, contractors and recipients of federal financial assistance, while the ADA applies to private employers with over 15 employees and state and local governments." *Calero-Cerezo v. U.S. Dep't of Justice*, 355

F.3d 6, 19 (1st Cir. 2004).

It is well-settled that the federal government is excluded from the ADA's definition of "employer." 42 U.S.C. § 12111(5)(B)(i).[3] "Based on this exclusion, federal courts have concluded that the ADA provides no remedy to federal employees." *Daniels v. Chertoff*, 2007 WL 1140401, * 2 (D.Ariz. 2007) (citing *Calero-Cerezo*, 355 F.3d at 11, n. 1 (stating that the opinion would concentrate on the Rehabilitation Act, "since the ADA is not available to federal employees"); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from coverage of the ADA"); *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd Cir. 1998) (stating that, as a federal employee, plaintiff "has no remedy for employment discrimination under the ADA"). Also see, *Enica v. Principi*, 544 F.3d 328, 338 n. 11 (1st Cir. 2008) ("As a federal employee, [plaintiff] is covered under the Rehabilitation Act and not the ADA.").

Title I of the ADA, 42 U.S.C. §§ 12101-12213, prohibits discrimination in employment "against a qualified individual with a disability because of the disability."[4]

---

[3] Title 42 U.S.C. § 12111(5)(B)(i) provides in relevant part:

> (B) Exceptions
> The term *"employer" does not include*--
>     (i) *the United States*, a corporation wholly owned by the government of
>         the United States, or an Indian tribe; . . . .

Title 42 U.S.C. § 12111(5)(B)(i) (emphasis added).

[4] The Court notes that Congress amended the ADA's definition of the term "qualified individual with a disability" as a part of the ADA Amendments Act of 2008. Pub.L. No. 110-325, § 4, 122 Stat. 3553 (2008). President George W. Bush signed this legislation into law on September 25, 2008, effective January 1, 2009. The Amended Complaint does not state when Defendant's alleged unlawful conduct occurred. However, exhibit 11, EEOC's denial of reconsideration notice, references reconsideration of his appeal, dated "(December 17, 2008)." (docket # 7 at 13) Clearly, the alleged discrimination occurred before January 1, 2009. Because the new legislation does not apply retroactively, *Neal v. Kraft Foods Global, Inc.*, 2009 WL 799644, * 10 (D.Or. 2009), the Court will apply the law in effect in 2008. The

- 6 -

1  42 U.S.C. § 12112(a); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1108 (9th Cir. 2000). In order to state a *prima facie* case for disability discrimination under the ADA, "an employee bears the ultimate burden of proving that he: (1) is disabled under the Act, (2) is a 'qualified individual with a disability,' and (3) [he was] discriminated against 'because of' his disability." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 988, (9th Cir. 2007) (citing *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999)).

The ADA further defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of . . . an individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2). Additionally, a "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Bates*, 511 F.3d at 989 (citing 42 U.S.C. § 12111(8)). "'Essential functions' are 'fundamental job duties of the employment position . . . not includ[ing] the marginal functions of the position.'" *Id.* (quoting 29 C.F.R. § 1630.2(n)(1) and citing *Cripe v. City of San Jose*, 261 F.3d 877, 887 (9th Cir. 2001)). "If a disabled person cannot perform a job's 'essential functions' (even with a reasonable accommodation), then the ADA's employment protections do not apply." *Id.* (citing *Cripe*, 261 F.3d at 884-85). "'If, on the other hand, a person can perform a job's essential functions, and therefore is a qualified individual, then the ADA prohibits discrimination' with respect to the employment actions outlined in 42 U.S.C. § 12112(a)." *Id.*

**II. Disability Discrimination under the Rehabilitation Act**

Conversely, the Rehabilitation Act prohibits federal agencies from

---

result, however, would be the same if the ADA Amendments Act did apply to Plaintiff's claim.

discriminating against disabled persons in employment matters, such as hiring, place-ment, or advancement. 29 U.S.C. §§ 701 *et seq*. "The Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees to assert claims of handicap discrimination." *Henson v. Air Nat. Guard Air Force Reserve Command Test Center*, 2007 WL 2903993, * 7 (D.Ariz. 2007) (citing *Johnston v. Horne*, 875 F.2d 1415, 1420 (9th Cir. 1989), *overruled on other grounds*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990).

> Section 794a(a)(1) makes the remedies, procedures and rights of Title VII, 42 U.S.C. § 2000e-16 (1983), available to employees alleging a violation of § 791. See id. at 1418. Thus, in order to state a claim for violation of the Rehabilitation Act, Plaintiff must allege that []he is a federal employee with a disability who is otherwise qualified for employment and suffered discrimination because of [his] disability. . . .

*Id.*; *Boyd v. United States Postal Serv.*, 752 F.2d 410, 412-13 (9th Cir. 1985) (providing developmental history of the Rehabilitation Act). Thus, "[t]o state a *prima facie* case under the Rehabilitation Act, a plaintiff must demonstrate that (1) []he is a person with a disability, (2) who is otherwise qualified for employment, and (3) suffered discrimination because of h[is] disability." *Walton v. U.S. Marshals Service*, 492 F.3d 998, 1005 (9th Cir. 2007). Therefore, the same ADA "standards of substantive liability are incorporated in the Rehabilitation Act." *Id.*; *Adams v. Rice*, 531 F.3d 936, 943 (C.A.D.C. 2008) ("[A]lthough the Act includes no definition of 'discrimination,' it instructs courts to use the same standards employed in cases arising under the [ADA]," citing 29 U.S.C. § 791(g) and *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C. Cir. 2002)); *Oliveras-Sifre v. Puerto Rico Dep't of Health*, 214 F.3d 23, 25 n. 2 (1st Cir. 2000)).

Following the terrorist attacks of September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA") which in turn created the TSA, a new federal agency charged with improving airline security. 49 U.S.C. § 114. The ATSA exempts TSA from compliance with the Rehabilitation Act in establishing employment standards for security screeners. *Castro v. Sec'y of Homeland Security*, 472 F.3d 1334,

1336 (11th Cir. 2006) (*per curiam*) (holding that Section 111(d) exempts TSA from complying with hiring standards set forth in the Rehabilitation Act, 29 U.S.C. § 701 *et seq*.,).

> The plain language of the ATSA indicates that TSA need not take the requirements of the Rehabilitation Act into account when formulating hiring standards for screeners. Congress directed TSA to establish hiring criteria (including physical standards at least as strenuous as those in subsection (f)) for security screeners "[n]otwithstanding any provision of law." 49 U.S.C. § 44935(e)(2)(A)(iii), (iv). And it stated that TSA has authority, "[n]otwithstanding any other provision of law," to "employ, appoint, . . . and fix the . . . terms, and conditions of employment" for security screeners. 49 U.S.C. § 44935 note.
>
> \* \* \* \* \* \* \*
>
> We hold that, in the ATSA, Congress instructed TSA to develop hiring standards for security screeners, without regard to restraints the Rehabilitation Act may have imposed. Thus, an unsuccessful applicant (like Castro) who alleges that TSA discriminated against him on the basis of disability when it denied his application for employment as a security screener cannot state a claim against TSA based on violation of the Rehabilitation Act. Castro's action was properly dismissed for failure to state a claim upon which relief can be granted.

*Id*. at 1337-38 (footnotes omitted). Although the Ninth Circuit has not addressed whether the ATSA supercedes TSA's obligation to reasonably accommodate qualified individuals with a disability, several district courts within and outside the Ninth Circuit have. *Daniels*, 2007 WL 1140401 at \* 5 ("[t]he ATSA preempts the Rehabilitation Act and the TSA is not required to provide accommodations to employees who are not capable of meeting the specific physical qualifications and employment standards promulgated pursuant to the ATSA."); *Yeager v. Chertoff*, 2006 WL 4673439 (W.D.Wash. 2006) ("[t]his Court now joins the Eastern District of Texas and the Southern District of Florida (the only other federal district courts to consider the instant issue), and finds that the Rehabilitation Act is superceded by the ATSA[,]" citing *Castro v. Ridge*, No. 04-60917-CIV-Dimitrouleas (S.D.Fla. Nov. 30, 2004), appeal docketed, No. 04-16682 (11th Cir.2005); *Tucker v. Ridge*, 322 F.Supp.2d 738 (E.D.Tex. 2004)).

**II. Discussion of Disability Claim**

Plaintiff's Amended Complaint suffers from the same fatal infirmities as the complaint in *Iqbal*, i.e., Plaintiff's "bare assertions . . . amount to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim[.]" *Iqbal*, 129 S.Ct. 1951. Here, the Amended Complaint fails to allege sufficient facts "plausibly suggestive of a claim entitling the plaintiff to relief." *Moss*, 572 F.3d at 969. Although Plaintiff alleges that he has a "disability," docket 7 at 1, he fails to identify the nature of his physical or mental impairment and how that impairment substantially limits one or more of his major life activities. Assuming as true his allegation that he was qualified as a security screener, he fails to set forth any facts regarding the essential functions of the job and that he was able to perform those specific functions, with or without the TSA's reasonable accommodation. Another significant omission is that Plaintiff fails to allege that any of Defendant's supervisory employees, who apparently terminated his employment, even knew of his alleged disability. The mere allegation that he "was removed from Federal Service because of his disability in Violation of the" ADA, *id.*, is insufficient to create a claim of disability discrimination. Plaintiff's "the-defendant-unlawfully-harmed-me accusation," *Iqbal* at 1949, does not state a claim under the ADA.

Even assuming Plaintiff's allegations are "plausibly suggestive of [an ADA] claim entitling the plaintiff to relief[,]" *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 129 S.Ct. at 1949), the case law appears unanimous that "the ADA provides no remedy to federal employees." *Daniels*, 2007 WL 1140401 at * 2 (citing 42 U.S.C. §12111(5)(B)(i) and *Calero-Cerezo*, 355 F.3d at 11, n. 1 (stating that the opinion would concentrate on the Rehabilitation Act, "since the ADA is not available to federal employees"); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (stating that "the entire federal government is excluded from coverage of the ADA"); *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd Cir. 1998) (stating that, as a federal employee, plaintiff "has no remedy for employment discrimination under the ADA"). Also see, *Enica v. Principi*, 544 F.3d 328, 338 n. 11 (1st Cir. 2008) ("As a federal employee, [plaintiff] is covered under the Rehabilitation

1  Act and not the ADA.").

2  Even liberally construing Plaintiff's claim as arising under the
3  Rehabilitation
4  Act, his allegations are insufficient as a matter of law to state a claim for relief because
5  the ATSA preempted the Rehabilitation Act. *Daniels*, 2007 WL 1140401 at * 5 ("[t]he
6  ATSA preempts the Rehabilitation Act and the TSA is not required to provide
7  accommodations to employees who are not capable of meeting the specific physical
8  qualifications and employment standards promulgated pursuant to the ATSA.");*Yeager v.
9  Chertoff*, 2006 WL 4673439 (W.D.Wash. 2006); *Tucker v. Ridge*, 322 F.Supp.2d 738
10 (E.D.Tex. 2004)).

11 Finally, the Court agrees with Defendant's contention that Counts II
12 through V of the Amended Complaint are not separate claims or causes of action and that
13 Plaintiff has only alleged a disability discrimination claim. Further, the Court finds it
14 unnecessary to consider Defendant's alternative defense that collateral estoppel or issue
15 preclusion prevents Plaintiff from relitigating "different claims but seeking the same
16 relief" due to Plaintiff's adverse ruling in *Jackson I*. (docket # 8 at 10-12)

## E. CONCLUSION

18 Having explained to Plaintiff in a detailed order, docket # 5, the Supreme
19 Court's latest pronouncements in *Twombly* and *Iqbal* of the factual details required for a
20 complaint to state a claim for relief, Plaintiff will not be allowed an additional
21 opportunity to amend because amendment would be futile to state a disability claim.
22 *Cook, Perkiss & Liehe, Inc.*, 911 F.2d at 247; *Albrecht v. Lurid*, 845 F.2d 193, 195 (9th
23 Cir. 1988) (dismissal without leave to amend is proper where the, "district court
24 determines that the 'allegation of other facts consistent with the challenged pleading
25 could not possibly cure the deficiency….'"). While the Court is sympathetic to Plaintiff's
26 unfortunate financial situation, "the Court is under duty to dispose of a controversy
27 within the narrowest confines that intellectual integrity permits." *Joint Anti-Fascist*

*Refugee Committee v. McGrath*, 341 U.S. 123, 150 (1951) (Justice Frankfurter concurring).

Accordingly,

**IT IS ORDERED** that Defendant Janet Napolitano's Motion to Dismiss, docket # 8, is **GRANTED**. Finding that Plaintiff's Amended Complaint fails to state a disability claim upon which relief may be granted pursuant to Rule 12(b)(6), FED.R. CIV.P., and *pro se* Plaintiff having received a fair opportunity to file an Amended Complaint to cure the original Complaint's factual deficiencies, dismissal is with prejudice. The Clerk is directed to enter judgment in favor of Defendant and to terminate this case.

Dated this 4th day of January, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge